IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL DEL BRUMIT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-23-155-SLP |
| | ) |
| DAVID ROGERS,[1] | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Petitioner, proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his Oklahoma state-court conviction in Case No. CF-2006-115, District Court of Grady County. Petitioner alleges the State lacked jurisdiction over him because he "is a Choctaw Indian" and his "alleged criminal conduct occurred within the Choctaw/Chickasaw reservation." Pet. [Doc. No. 1] at 5. Accordingly, Petitioner argues his conviction violates his rights under the Constitution and the Treaty of Dancing Rabbit Creek. *See id.*

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Gary Purcell. Judge Purcell entered a Report and Recommendation [Doc. No. 6], in which he recommended dismissing the

---

[1] The appropriate respondent in a habeas action is the inmate's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Federal Rules of Civil Procedure 25(d) and 81(a)(4), David Rogers, current warden at Petitioner's location of incarceration, is substituted as Respondent. Petitioner filed a Memorandum [Doc. No. 9] regarding this matter.

Petition on timeliness grounds. In his R. & R., Judge Purcell concluded the Petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA") because Petitioner's conviction became final on October 17, 2007, over 15 years before he filed his Petition. *See id.* at 5–6 (citing 28 U.S.C. § 2244(d)(1)(A)). Additionally, Judge Purcell found that 28 U.S.C. § 2244(d)(1)(C) did not apply because *McGirt v. Oklahoma*, 591 U.S. 894 (2020), did not recognize a new constitutional right. *See* [Doc. No. 6] at 6–9. Finally, Judge Purcell recommended dismissal because Petitioner provided no basis for either statutory or equitable tolling, nor did he allege that the actual innocence exception applies. *See id.* at 9–12.

In addition to his Objection [Doc. No. 13], Petitioner filed a Motion for Declaratory Judgment [Doc. No. 10], Motion to Stay and Compel Declaratory Judgment [Doc. No. 11], and Motion for the Appointment of Counsel [Doc. No. 12].

I.  **Objection to the R. & R.**

Petitioner filed a timely objection to the R. & R. *See* [Doc. No. 13]. The Court, therefore, must make a de novo determination of the portions of the R. & R. to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

First, Petitioner claims the Court should disregard the timeliness issue because the State "deliberately and intelligently chose to waive [its] procedural defenses" in the state post-conviction proceedings. [Doc. No. 13] at 4. But the State did not have an opportunity

2

to challenge timeliness under AEDPA during the state post-conviction proceedings. Similarly, the State has not appeared in this federal habeas action, so it has not had an opportunity to raise (or waive) any of the procedural defenses available to it under AEDPA. *See Wood v. Milyard*, 566 U.S. 463, 474 (2012) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (quotation omitted) (alteration in original)).

Similarly, Petitioner claims the Court should disregard the timeliness issue in light of "the [d]octrines of res judicata / collateral estoppel," reasoning the Supreme Court did not analyze timeliness when it decided *McGirt*. [Doc. No. 13] at 5. But the doctrine of collateral estoppel requires, inter alia, that "the issue previously decided is *identical* with the one presented in the action in question." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014). The doctrine of res judicata requires "a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). Petitioner did not seek habeas relief until February 13, 2023—about two and a half years after the Supreme Court decided *McGirt*. Thus, *McGirt* did not provide the State with a full and fair opportunity to litigate the issue of whether *Petitioner* timely sought federal habeas relief under § 2254. Likewise, that precise issue was not decided in *McGirt* or any other case. Thus, neither preclusion doctrine applies here.

Petitioner next argues "the treaty grants this Court broad and compulsive jurisdiction to secure immunity for those protected by Congressional promises." [Doc. No. 13] at 6. To be sure, AEDPA expressly permits a state prisoner to seek habeas relief "on

3

the ground that he is in custody in violation of . . . treaties of the United States." 28 U.S.C. § 2254(a). But Judge Purcell did not reach the merits of Petitioner's argument under the treaty because he accurately concluded that such a challenge was procedurally barred on timeliness grounds. The Court finds no error with Judge Purcell's analysis and, similarly, does not reach the substantive merits of Petitioner's claim under the treaty. *Cf. Breard v. Greene*, 523 U.S. 371, 376 (1998) (concluding state prisoner's "ability to obtain relief based on violations of [a treaty] is subject to" AEDPA's "subsequently enacted" procedural requirements, "just as any claim arising under the United States Constitution would be").[2]

Finally, Petitioner argues Judge Purcell erred by failing to consider the Petition's other arguments after recommending dismissal on timeliness grounds. *See* [Doc. No. 13] at 8–9. But all of Petitioner's claims challenge the State's ability to exercise jurisdiction over him, and none of those challenges are timely. *See Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *8 (10th Cir. Jan. 12, 2024) ("Courts have repeatedly rejected attempts to carve out a jurisdictional exception to AEDPA's plain language."). Upon de novo review and for all of the reasons stated herein, the Court concurs with the analysis set forth in the R. & R. and ADOPTS the same.

---

[2] Despite his arguments to the contrary, Petitioner appears to recognize this requirement. *See* [Doc. No. 13] at 7 ("AEDPA was post-Choctaw treaty and may have controlling effect so as to abrogate the Choctaw treaty to the extent of the inconsistency."). Nevertheless, Petitioner argues "this Court need not limit its habeas review to [his] conviction and sentence since fraud against the Choctaw treaty exists in Oklahoma's Post-Conviction proceedings." [Doc. No. 13] at 7. But a § 2254 petition can be used to attack only the state judgment resulting in Petitioner's confinement, not the state post-conviction proceedings. *See Jackson v. Ray*, 292 F. App'x 737, 740 (10th Cir. 2008).

II.     **Declaratory Judgment**

The same day he filed his Objection, Petitioner also filed his Motion for Declaratory Judgment [Doc. No. 10] and Motion to Stay and Compel Declaratory Judgment [Doc. No. 11]. The Court liberally construes the former motion as a request to amend the Petition, pursuant to Federal Rule of Civil Procedure 15(a), to assert a claim for declaratory relief. *See* [Doc. No. 10] at 1 (citing 28 U.S.C. § 2201). But "Rule 15(a) allows the judge to deny a motion to amend because of, among other things, the futility of the amendment." *Wolfe v. Bryant*, 678 F. App'x 631, 636 (10th Cir. 2017) (quotations omitted) (addressing motion to amend in § 2254 context).

Here, Petitioner aims to recast this action as one for declaratory judgment instead of one seeking habeas relief. *See* [Doc. No. 10] at 10 ("Although habeas relief is more desirable and immediate in re conviction, declaratory relief is an avenue within the discretion of this Court."). In doing so, Petitioner attempts to avoid AEDPA's time bar to obtain a ruling on the merits of his claim. But Petitioner seeks the same end result: invalidating his conviction based on the state's purported lack of jurisdiction over him. A § 2254 habeas petition is the only avenue by which he may seek such relief. *See Weldon v. Pacheco*, 715 F. App'x 837, 844 (10th Cir. 2017); *see also Leonor v. Heavican*, No. 8:21CV76, 2021 WL 2555654, at *5 (D. Neb. June 22, 2021) (citing cases), *aff'd*, 2021 WL 6689168 (8th Cir. Aug. 16, 2021). Because amendment on this ground would be futile, the Motion for Declaratory Judgment [Doc. No. 10] is DENIED. In light of that denial, the Motion to Stay and Compel Declaratory Judgment [Doc. No. 11] is DENIED as moot.

### III. <u>Appointment of Counsel</u>

Finally, Petitioner filed a Motion for the Appointment of Counsel [Doc. No. 12]. "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Watson v. McCollum*, 772 F. App'x 675, 679 (10th Cir. 2019) (quoting *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994)); *see also* 18 U.S.C. § 3006A(a)(2)(B). In exercising this discretion, the Court considers "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Upon consideration of these factors, the Court finds appointment of counsel is not warranted. First, as explained above, Petitioner's claims are time barred. Further, Petitioner's claims, which are not of unusual complexity, require no further factual or legal development. Finally, Petitioner contends his incarceration has impeded his ability "to represent himself and to do a proper investigation into the merits of his claims." [Doc. No. 12] at 4. But Petitioner has articulated his claims clearly, and it is apparent he had access to appropriate resources to develop those claims. Accordingly, this Motion is DENIED.

IV. **Conclusion**

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED WITH PREJUDICE.[3]  A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that the Motion for Declaratory Judgment [Doc. No. 10] is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay and Compel Declaratory Judgment [Doc. No. 11] is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for the Appointment of Counsel [Doc. No. 12] is DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its

---

[3] A dismissal on grounds the Petition is untimely should be with prejudice. *Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying COA and dismissing appeal of § 2254 habeas petition dismissed with prejudice as untimely under § 2244(d)); *see also Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) ("Dismissal of a [§ 2254 habeas] petition as time barred operates as a dismissal with prejudice . . . .").

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination regarding the timeliness of the Petition. The Court therefore denies a COA.

IT IS SO ORDERED this 12th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE